U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2026 MAY -1  PM 12: 34

CLERK

BY_____

DEPUTY CLERK

LEONEL DAVID TORRES BASANTA,    )
                                )
        Plaintiff,              )
                                )
    v.                          )        Case No. 2:26-cv-145
                                )
DONALD J. TRUMP et al.,         )
                                )
        Defendants.             )

## SUPPLEMENTAL JUDGMENT ORDER

Following a hearing on May 1, 2026, the court orders the immediate release of petitioner

Leonel David Torres Basanta pursuant to the inherent authority of the court in habeas cases

challenging detention. *See Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). The record is

undisputed as to the following facts:

- As a Venezuelan national, Mr. Basanta previously received 18 months' work

  authorization on the basis of his status under the humanitarian "temporary protected

  status" program, 8 U.S.C. § 1254a. He has done nothing himself to cause his TPS status

  to be revoked. Unless TPS status is removed for all Venezuelan nationals,[1] he has the

  right to remain in the United States as a person with TPS status.

---

[1] The Administration sought to do so in early 2025. *See* 90 Fed. Reg. 8805 (Feb. 3, 2025). A federal district court blocked that action in March 2025. *Nat'l TPS All. v. Noem*, 773 F. Supp. 3d 807 (N.D. Cal. 2025). The United States Supreme Court stayed that preliminary order, and then stayed the subsequent final order holding that the Secretary of Homeland Security had unlawfully vacated an extension of TPS for Venezuelan nationals and had unlawfully terminated that status. *Noem v. Nat'l TPS All.*, 146 S. Ct. 23, 24 (2025). The Supreme Court heard argument on April 29, 2026, in a similar case as to whether the Administration can end TPS status for Syrian nationals. *Mullin v. Doe*, No. 25-1083 (U.S. argued Apr. 29, 2026).

- Mr. Basanta is currently engaged in the early stages of an immigration removal case with a master calendar video appearance scheduled in May 2026.

- Mr. Basanta is married and the father of a small child who is an American citizen. His wife has a pending asylum case. Mr. Basanta has no criminal record. There is no reason to believe that he presents a threat of any kind to the community. The evidence is to the contrary. He is a skilled shipwright with 13 years' experience as a welder. Until his work authorization expired, he worked in the field of ship repair in Everett, Washington.

- There is also no reason to believe that Mr. Basanta presents a risk of flight. His wife and child have moved to Lakeland, Florida where he has an invitation to stay with them in the home of a friend. If he regains work authorization, he believes that he can return to his employment in Washington State. He also has a job opportunity at a shipyard in Florida. On these uncontested facts, the court orders Mr. Basanta's immediate release.

There is no longer any need to conduct a second bond hearing before the immigration court. The court appreciates the cooperation of the immigration court in Chelmsford, Massachusetts in scheduling a video hearing for next week. This order supersedes the court's prior order dated April 29, 2026, ordering an immigration court hearing.

Mr. Basanta's release today affords him all the relief he seeks through his habeas petition. The court will not schedule further hearings in this case. This order is the final order in the case.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 1st day of May, 2026.

Geoffrey W. Crawford, Judge
United States District Court

2